# FREEMAN, NOOTER & GINSBERG
**ATTORNEYS AT LAW**

LOUIS M. FREEMAN
THOMAS H. NOOTER
LEE A. GINSBERG
———

NADJIA LIMANI
OF COUNSEL
———
CHARLENE RAMOS
OFFICE MANAGER

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038
———
____
(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM
WWW.FNGLAW.COM

December 30, 2019

<u>BY ECF</u>
Honorable Cathy Seibel
United States District Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

Re: United States v. Christopher Londonio
17-89 (CS)

Dear Judge Seibel:

<u>Background</u>

On behalf of Christopher Londonio, we respectfully move pursuant to Federal Rule of Criminal Procedure 29 (c) (1) for a judgment of acquittal as to Count Six of S18 Indictment, Conspiracy to Distribute Narcotics.   In making this motion, we rely upon all arguments previously made to the Court and specifically argue that the evidence presented by the government was insufficient for a jury to conclude beyond a reasonable doubt that Mr. Londonio was guilty of Count Six.

Mr. Londonio was originally charged with conspiracy to distribute narcotics in Count Seven of the Third Superseding Indictment with co-defendants Maffuci, Datello, Vaughan, Garcia and O'Connor.  The controlled substances they were charged with conspiring to distrbute and possess with intent to distribute were:

> (a)five kilograms and more of mixtures  and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); (b) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A), and (c) 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (d) mixtures and substances containing a detectable amount of Oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C).

1

S3 Indictment, ¶32, 17 CR 89(CS).

In the Eighteenth Superseding Indictment, the conspiracy to distribute narcotics charge (now Count Six) was modified and now consists of a conspiracy to distribute and possess with intent to distribute "(a) a quantity of marijuana, in in violation of Title 21, United States Code, Section 841(b)(1)(D); and (b) mixtures and substances containing a detectable amount of Oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C)."  S18 Indictment, ¶30, 17 CR 89 (CS).  Mr. Londonio was convicted of this count at trial.

## Applicable Law

"Under Rule 29, a district court will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Fed. R. Crim. P. 29(a), (c); *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002)."  United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003).  However, "a defendant who challenges the sufficiency of the evidence to support his conviction 'bears a heavy burden.' United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001)." Id.  "On a sufficiency challenge, 'we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility.' United States v. Arena, 180 F.3d 380, 391 (2d Cir. 1999) (internal quotation marks omitted)."  United States v. Parkes, 497 F.3d 220, 225 (2d Cir. 2007).

## Argument

As the Government did not provide sufficient evidence to convict Mr. Londonio of a conspiracy to distribute marijuana and Oxycodone,[1] this motion to enter a judgment of acquittal on Count Six must be granted.  Even under the heavy burden imposed upon the defendant, a conviction on this count cannot stand.

Per the Court's instructions to the jury,

Count Six charges defendant Christopher Londonio with conspiracy to distribute and to possess with intent to distribute marijuana and Oxycodone under federal law. To prove that defendant Christopher Londonio is guilty of Count Six, the government must establish beyond a reasonable doubt the following elements:

First, that the conspiracy charged in Count Six existed. That is, that from in or about 2011, up to and including on or about May -- should say in or about May 2017, there was an agreement or understanding among two or more persons to unlawfully, intentionally and knowingly distribute or possess with the intent to distribute controlled substances, specifically marijuana and Oxycodone; and

Second, that defendant Christopher Londonio unlawfully, intentionally and knowingly became a member of the conspiracy. That is, he knowingly joined in

---

[1] In this letter-motion, we do not challenge the sufficiency of evidence regarding the conspiracy to distribute marijuana, only the sufficiency of evidence regarding the conspiracy to distribute Oxycodone.  Because Mr. Londonio was charged with a conspiracy alleging the distribution of both drugs, there must be sufficient proof for both marijuana and Oxycodone.

the conspiracy and intentionally participated in it. I have already instructed you regarding the existence of a conspiracy on pages 24 to 28, and you should apply those instructions here.

I have also already instructed you on the law governing the distribution of controlled substances and possession of controlled substances with intent to distribute on pages 61 to 63, and you should apply those instructions here.

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy you are considering existed and that the conspiracy had as its object the distribution of marijuana and Oxycodone, or the possession of marijuana and Oxycodone with the intent to distribute, you must then -- you must next determine whether defendant Londonio intentionally participated in that conspiracy with knowledge of its unlawful purposes and with the intent to further its unlawful objectives.

The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent; that is, with a purpose to violate the law and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives of distributing or possessing with intent to distribute controlled substances.

Trial Transcript, 4784-85.

In its closing statement, the Government pointed to the testimony of Joseph Foti for proof of the Oxycodone conspiracy.  "Joe Foti told you Londonio sold marijuana and pills. This is his testimony. And you know that's right because you heard Londonio on tape talking about it with Foti. This is from one of the recordings."  Id. at 4375.

Foti's entire testimony regarding Londonio's sale of Oxycodone was as follows:

Q. So what are you and Londonio discussing in this section that we just listened to?
A. Pills, oxycodone pills.
Q. And you testified earlier that you knew Londonio sold pills. What kind of pills?
A. Oxycodone and morphine.
Q. How do you know that he sold those pills?
A. He -- he gave me a couple of bottles of the morphine pills, and he said his mother and him, they sell the oxycodone every month.

Id. at 2159.

The recording referenced in the first question by Ms. Cohen is GX 744-A-T, a copy of which is attached as Exhibit A.  In this transcript, at pages 10-12, Foti and Londonio are discussing whether Foti is able to get Oxycodone, people taking the pills excessively and one of Londonio's mother's friends who sells Oxycodone.  In this conversation, Londonio states "[l]ike I was even thinkin' of goin' to get it, but one, if I do

3

get caught, I'll get in  trouble, and two, fuckin', you know they want, they give you, they piss test you." Exhibit A, pg. 10, lines 272-274.

It is clear from the transcript of this recording that Foti and Londonio are not talking about Londonio selling Oxycodone pills, in fact they are discussing that neither of them were interested in selling Oxycodone.  Despite this recording, Foti did testify that Londonio and his mother sell Oxycodone every month.  This testimony is uncorroborated and should not have been credited by the jury in light of the statement made by Londonio on the recording, specifically, that he was not interested in selling Oxycodone.  Moreover, it is not clear if the testimony refers to the charged conspiracy or some other conspiracy.

The Government also pointed to the testimony of Joseph Spinelli in its closing statement for proof of the Oxycodone conspiracy.  "So you also heard Londonio discussing pills on tape with Foti, and you also heard him trying to set up a deal with someone else on a different recording. This is with Carmine Garcia, that Bonanno associate who was recorded talking, Spinelli said. Garcia, the Bonanno associate, agreed to set up several pill bills with Londonio because he knew Londonio's uncle -- remember, that's Ernie Malizia. He came up a couple times in case. So you know that Oxycodone pills were part of Londonio's agreement with others to sell drugs." Trial Transcript, 4375-76.

The recording referenced here was GX 717-A, attached as Exhibit B, which was played during the direct examination of Spinelli- it was a recording of Spinelli and Garcia, not Londonio.  In that recording, Garcia states "[Chris] was supposed to bring me some pills and I was supposed to give 'em to the black guy, we did time together—that we know." Exhibit B, pg. 2, lines 46-49.  There is no reference to Oxycodone in either the exhibit or the testimony of Spinelli on this topic:

> Q. And what do you understand Garcia to be telling you here when he describes an encounter he had with Chris?
> A. He said that Chris, Chris left him hanging on a corner two different times.
> Q. What were Chris and -- as you understand it, what were Chris and Garcia supposed to do together?
> A. Chris was selling him pills.
> Q. And who told Chris -- who told Garcia that Chris would provide him with pills?
> A. Who told Garcia?
> Q. Who told Garcia that Chris would provide him with pills?
> A. Ernie did.

Trial Transcript, pg. 1889.

Neither the testimony of Foti or Spinelli prove, beyond a reasonable doubt, that Londonio joined and participated in a conspiracy to unlawfully, intentionally and knowingly distribute or possess with the intent to distribute controlled substances, specifically marijuana and Oxycodone, as required by Your Honor's charge to the jury. Foti provides uncorroborated testimony regarding Londonio's sale of Oxycodone with his mother, which is contradicted by the Government's own exhibit, a recording of Foti and

Londonio from October 8, 2013 (during the alleged conspiracy).  Spinelli provides testimony regarding a deal Carmine Garcia allegedly had with Ernie Malizia regarding Londonio bringing Garcia pills.  The type of pills were never named.

<u>Conclusion</u>

Given that the two sources of "proof" cited by the Government are not sufficient to support a conviction on Count Six and no additional proof of the Oxycodone conspiracy exists in the record, "viewing the evidence in the light most favorable to the government, no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt."  <u>United States v. Schwarz</u>, 283 F.3d 76, 105 (2d Cir. 2002).  Accordingly, a judgment of acquittal must be granted on Count Six.

Respectfully Submitted,

/s/

_____
Louis M. Freeman
John Meringolo